UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:19-cr-00237-02

JASON JOHNSON,

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Jason Johnson's pro se Petition for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1) [ECF 208], filed February 7, 2025.

**I.**

On September 25, 2020, following his guilty plea to conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), Mr. Johnson was sentenced to seventy-eight months imprisonment, followed by a three-year term of supervised release. [ECF 196]. Mr. Johnson began serving his term of supervision on June 2, 2023.[1] Mr. Johnson now moves for early termination of his supervised release, citing his compliance with the terms of supervised release, employment, engagement in the community, and rehabilitation since release. [ECF 208 at 1–2].

---

[1] The Bureau of Prisons (BOP) reports that Mr. Johnson was released from its custody on this date. https://www.bop.gov/inmateloc/.

## II.

Pursuant to 18 U.S.C. § 3583(e), a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999); *United States v. Hamilton*, 986 F.3d 413, 422 (4th Cir. 2021). "When a district court considers whether to modify or revoke a condition of supervised release, § 3583(e) authorizes the court to consider the same § 3553(a) factors enumerated in § 3583(c)." *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020).

After careful consideration of the applicable Section 3553(a) factors and the information provided by Mr. Johnson and the Probation Office, the Court concludes that early termination of Mr. Johnson's supervised release is warranted.

> In authorizing supervised release as part of a sentence of imprisonment, Congress indicated that "the primary goal . . . is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." S. Rep. No. 98-225, at 124 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3307. Thus, supervised release is "a post-incarceration program intended 'to assist individuals in their transition to community life.'" *McLeod*, 972 F.3d at 641 (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)). In this manner, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 59.

*United States v. Lewis*, 90 F.4th 288, 294 (4th Cir.), *cert. denied*, 144 S. Ct. 2543 (2024) (cleaned up).

Mr. Johnson has been on supervised release for over nineteen months, and his post-release achievements in that time evince his dedication to rehabilitation. He has obtained steady

employment and has been promoted to team lead. [ECF 208 at 1]. He has also been coaching local youth basketball and participating in an initiative to provide support to Columbus' unhoused population. [*Id.*]. And most importantly, Mr. Johnson contends that he has distanced himself from non-law-abiding individuals and surroundings fostering criminal behavior. [*Id.* at 1–2]. Overall, Mr. Johnson's rehabilitation exemplifies the rehabilitative purposes of supervised release. Accordingly, the Court **FINDS** that the interests of justice support early termination of his supervised release.

### III.

For the foregoing reasons, the Court **GRANTS** Mr. Johnson's Motion [**ECF 208**] and **TERMINATES** Mr. Johnson's supervised release term.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   May 27, 2025

Frank W. Volk
Chief United States District Judge